Argued December 15, 1970, affirmed January 7, petition for
rehearing denied March 16, 1971

STATE OF OREGON, *Respondent, v.* WALTER
H. WALKER, *Appellant.*

478 P2d 643

*Richard Haeder,* Portland, argued the cause for
appellant. With him on the brief were Brian J. Free-
man, and Birch & Haeder, Portland.

*Thomas H. Denney,* Assistant Attorney General,
Salem, argued the cause for respondent. With him
on the brief were Lee Johnson, Attorney General,
and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY,
BRANCHFIELD,* and HOLMAN, Judges.

---

* Branchfield, J., did not participate in this decision.

HOLMAN, J. (Pro Tempore.)

Defendant appealed from his conviction of the crime of robbery by fear, unarmed. He claims that the trial court erred in failing to require an alleged accomplice to testify in defendant's behalf after the accomplice invoked the 5th Amendment. Defendant contends the accomplice could not invoke the 5th Amendment because he had already been placed in jeopardy by a previous trial and, therefore, could not be prosecuted for any crime arising out of the occurrence in question.

Presuming that the trial court erred in allowing the accomplice to invoke the 5th Amendment, it was not such error as merits reversal. The record is insufficient to determine whether or not the trial court's refusal to compel the accomplice to testify was prejudicial to the defendant. The questions asked of the witnesses, objections to which were sustained by the court, were wholly inadequate to indicate the nature of the expected testimony. The record contains no representation by defense counsel to the court concerning the nature of such testimony. While no offer of proof could have been made through the witness, this did not relieve defendant of the obligation of making a record of the information he hoped to secure through the questioning of the accomplice. In the absence of information from which this court could make a determination that the lack of the accomplice's testimony was prejudicial to defendant, there is no reversible error. *State v. Jenkins*, 246 Or 280, 424 P2d 894 (1967).

The judgment of the trial court is affirmed.